Case 2:20-cv-00579-ILRL-JCW   Document 1   Filed 02/18/20   Page 1 of 11

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| WENYEA BAKER and<br>SAMMY STEADMAN, Individually and<br>on Behalf of All Others Similarly Situated<br><br>Plaintiff,<br><br>versus<br><br>STATEWIDE TRANSPORT, INC.<br><br>Defendant. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | CASE NO.: 2:20-cv-579<br><br><br><br><br>COLLECTIVE ACTION |

___

## ORIGINAL COMPLAINT

### SUMMARY

1. Statewide Transport, Inc. ("Defendant") employed truck drivers to drive intrastate routes to deliver goods and packages from terminals located in Shreveport, Louisiana; Hammond, Louisiana; Lafayette, Louisiana; Kenner, Louisiana; Jackson, Mississippi; Dallas, Texas; Houston, Texas; and Little Rock, Arkansas.  The drivers were almost always accompanied by helpers who assisted in loading and unloading vehicles and assembling delivered products in consumers' homes.  Defendant further employed warehouse workers who unloaded products, organized the warehouse, pulled products and staged them for the drivers and helpers.

2. Although these drivers, helpers and warehouse workers regularly worked more than forty (40) hours in a workweek, Defendant did not pay them overtime.

3. Defendant's policy of not paying these employees overtime wages violated the Fair Labor Standards Act ("FLSA"), 28 U.S.C. § 201 et seq.

4.     This collective action seeks to recover the unpaid wages, overtime, liquidated damages and other damages owed to these drivers, helpers and warehouse workers, together with attorneys' fees, interest and the costs of these proceedings.

## JURISDICTION & VENUE

5.     This case raises a federal question under 29 U.S.C. § 216(b), giving this Court original subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

6.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because Defendant conducts substantial business in this District, sending Plaintiffs and FLSA Collective members to perform work in this District while subjecting them to Defendant's improper and illegal payroll practices.  Further, Defendant's principal office is located in this District.

## PARTIES

7.     Plaintiff Wenyea Baker was employed by Defendant as an intrastate truck driver and was paid an hourly rate. Plaintiff Baker is domiciled in Louisiana and delivered and assembled products for Defendant from its warehouse located at 121 Kansas City Drive, Shreveport, Louisiana 71107.

8.     Plaintiff Sammy Steadman was employed by Defendant as a helper and warehouse worker.  Plaintiff Steadman is domiciled in Louisiana and assisted in the delivery and assembly of products for Defendant.  Plaintiff Steadman worked in Defendant's warehouse located at 121 Kansas City Drive, Shreveport, Louisiana 71107.

9.     Plaintiffs' assigned routes were intrastate within Louisiana.  Plaintiffs were not assigned, nor could they be assigned routes outside the State of Louisiana.

10.     Plaintiffs' written consents to join this action are attached. (Exhibits A-B).

11. Upon information and belief, Defendant is a Louisiana corporation authorized to do and doing business in the State of Louisiana.

12. Defendant may be served through its registered agent, Dwayne Martin, 12047 Old Baton Rouge Hwy., Hammond, Louisiana 70403.

13. Defendant paid each of the FLSA Collective members an hourly rate or salary with no overtime premium for hours worked in excess of forty (40) in a workweek.

14. Defendant's payroll practice, and classification of these workers as overtime exempt violated the FLSA.

## FACTS

15. Defendant is in the business of warehousing, picking up, transporting and delivering goods and packages such as office products and supplies, industrial goods and products, pharmaceutical and medical supplies, equipment, parts, financial documents and goods and products for convention and trade shows.[1] Defendant's employees, including Plaintiffs, were routinely required to assemble the delivered products in consumers' residences.

16. Defendant conducted business in Louisiana, Mississippi, Texas and Arkansas.

17. Defendant operated warehouses or terminals in Shreveport, Louisiana; Hammond, Louisiana; Lafayette, Louisiana; Kenner, Louisiana; Jackson, Mississippi; Dallas, Texas; Houston, Texas; and Little Rock, Arkansas. Warehouse workers, like Plaintiff Steadman, were employed by Defendant to unload inboard trucks, organize the warehouse, pull products and stage products at said locations. Most of the staging was done for vans that weighed less than 10,000 lbs. Plaintiff Steadman did not load vehicles as a warehouse worker.

---

[1] http://www.statewidetransportation.com (last visited on 2/7/2020).

18. Defendant employed local intrastate drivers and helpers like Plaintiffs to deliver and assemble goods.

19. Defendant's employees routinely handled goods or materials – such as trucks, tires, tools, and goods - that were moved in, or were produced for, interstate commerce.

20. In each of the past three (3) years, Defendant's gross revenue far exceeded $500,000.

21. Numerous other drivers and helpers delivered and assembled consumer goods and did not, and could not, make interstate deliveries.

22. Defendant utilized several different size vehicles, including small delivery vans and box trucks.

23. Many of the delivery vehicles did not exceed 10,000 lbs.

24. Local drivers and helpers were not required to log driving hours.

25. Defendant did not require its local drivers and helpers to comply with Federal Motor Carrier Safety Regulations or maintain DOT forms.

26. Upon information and belief, Defendant did not maintain its local delivery vehicles in accordance with the Interstate Commerce Commission's regulations.

27. Upon information and belief, the Federal Highway Administration did not regularly conduct audits of Defendant's local delivery fleet to determine compliance with federal safety requirements.

28. Defendant paid Plaintiff Baker an hourly rate of $13.00-$14.00 an hour during his employment.

29. For a short period, Plaintiff Baker was improperly classified as an exempt salaried employee.

30. Plaintiff Baker worked for Defendant for over two (2) years, with his last day of employment in October 2019.

31. Plaintiff Baker regularly worked over forty (40) hours in a workweek.

32. For example, Plaintiff Baker worked 49.40 hours during the week of November 19, 2018 to November 25, 2018. Although Plaintiff Baker worked overtime during this period, he was only paid his regular rate of pay of $13.00/hour for all hours worked. He was not paid an overtime premium for the hours worked in excess of forty (40) during that workweek.

33. Likewise, between December 10, 2018 and December 16, 2018, Plaintiff Baker worked 57.85 hours. He was paid his regular hourly rate for 57.85 hours but he was not paid an overtime premium.

34. During the workweek of May 14, 2018, Plaintiff Baker worked 50.00 hours but was not paid overtime wages.

35. Defendant paid Plaintiff Steadman an hourly rate of $12.00 an hour during his employment.

36. Plaintiff Steadman worked for Defendant as a helper and warehouse worker.

37. Plaintiff Steadman worked for Defendant from approximately September 2018 until December 2019.

38. Plaintiff Steadman regularly worked over forty (40) hours in a workweek.

39. For example, Plaintiff Steadman worked 64.22 hours during the week of September 16, 2019 to September 22, 2019. Although Plaintiff Steadman worked overtime during this period, he was only paid his regular rate of pay of $12.00/hour for all hours worked. He was not paid an overtime premium for the hours worked in excess of forty (40) during that workweek.

40. Furthermore, Defendant improperly deducted thirty (30) minutes each shift for a meal period, even though Plaintiffs rarely, if ever, were granted a bona fide meal period. Meal periods were either skipped, or employees ate meals while traveling to their destinations.

41. Defendant knew or should have known that the automatic meal period deduction was improper as the company actively encouraged skipping meals, shorter meal periods or working during meal periods.

42. Plaintiffs' work hours were typical of the hours worked by FLSA Collective members.

43. Over the past three (3) years, Defendant employed dozens of individuals – including Plaintiffs – as intrastate truck drivers and helpers who hauled and assembled consumer goods within state lines.

44. Over the past three (3) years, Defendant employed dozens of individuals – including Plaintiff Steadman – as warehouse workers who worked at Defendant's numerous terminals unloading trucks, organizing the warehouse and staging products and goods for delivery in box trucks and vans.

45. The FLSA Collective members are not exempt from the overtime requirements of the FLSA.

46. While the precise job duties of the FLSA Collective members may vary somewhat, any variations do not impact their entitlement to overtime for hours worked in excess of forty (40) in a workweek.

47. All of the FLSA Collective members perform manual labor in support of Defendant's delivery and warehouse business, including but not limited to, loading and unloading

vehicles, organizing the warehouse, pulling and staging products and goods, and assembling products.

48. All of the FLSA Collective members are entitled to overtime pay.

49. None of the FLSA Collective members received overtime pay.

50. Defendant knows the FLSA Collective members worked more than forty (40) hours in a workweek.

51. Defendant routinely scheduled Plaintiffs and other FLSA Collective members to work more than forty (40) hours per workweek.

52. Defendant knows the FLSA Collective members were not exempt from the overtime requirements of the FLSA.

53. Nonetheless, Defendant did not (and does not) pay the FLSA Collective members overtime wages for hours worked in excess of forty (40) in a workweek.

54. Defendant further implemented an automatic meal period deduction of thirty (30) minutes even though its drivers, helpers and warehouse workers were not able to take an uninterrupted meal period, or were otherwise forced to consume meals while driving.

55. Defendant was aware its employees were skipping meals or eating meals during driving, but nonetheless improperly took an automatic meal period deduction in violation of the FLSA and 29 C.F.R. § 785.19, to increase the company's profits.

56. The automatic deduction of meal periods resulted in a denial of straight time and overtime wages in violation of the FLSA.

### COLLECTIVE ACTION ALLEGATIONS

57. Plaintiffs incorporate the proceeding paragraphs by reference.

58. Plaintiffs bring this claim under Section 216(b) of the FLSA as a collective action.

59. The same policy that caused Plaintiffs to be denied their overtime pay caused the FLSA Collective members to be denied their overtime pay.

60. While the precise job duties performed by the FLSA Collective members might vary somewhat, these differences do not matter for the purpose of determining their entitlement to overtime.

61. Nor do any differences in job duties matter for determining whether Defendant's policy of not paying the FLSA Collective members overtime is legal.

62. The members of the FLSA Collective are all entitled to overtime for all hours worked over forty (40) in a workweek consistent with the overtime requirements of the FLSA.

63. Because Defendant uniformly failed to pay overtime to the FLSA Collective members, Plaintiffs and the FLSA Collective members are similarly situated within the meaning of 29 U.S.C. § 216(b).

64. Upon information and belief, Defendant employed numerous local truck drivers and helpers who only made intrastate deliveries, like Plaintiffs, in the United States during the past three (3) years.

65. Many of the drivers and helpers were restricted to delivery vehicles weighing under 10,000 lbs.

66. Many of the drivers were assigned designated routes, delivering products and goods to the same customers.

67. Upon information and belief, Defendant employed numerous warehouse workers within the last (3) years, like Plaintiff Steadman, at its terminals located in Shreveport, Louisiana; Hammond, Louisiana; Lafayette, Louisiana; Kenner, Louisiana; Jackson, Mississippi; Dallas, Texas; Houston, Texas; and Little Rock, Arkansas.

68. Plaintiffs and the FLSA Collective members were all victims of Defendant's automatic meal period deduction which denied them straight time and overtime wages.

69. Nearly all of the questions related to Plaintiffs and the FLSA Collective members can be answered on a collective basis.

70. Defendant's practice of not paying members of the FLSA Collective overtime wages is based on established companywide policies.

71. Defendant's payroll and time-keeping records would permit accurate calculation of damages with respect to each member of the FLSA Collective.

72. Absent a collective action, many members of the FLSA Collective likely will not obtain redress of their injuries and Defendant will retain the proceeds of its violations of the FLSA.

73. Furthermore, individual litigation would be unduly burdensome to the judicial system.

74. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the FLSA Collective and provide for judicial consistency.

### COLLECTIVE DEFINITION

75. Plaintiffs bring this lawsuit pursuant to Section 216(b) of the FLSA as a collective action on behalf of:

> All warehouse workers, and truck drivers and helpers who only made intrastate deliveries, who worked over forty (40) hours in a workweek within the last three (3) years for Statewide Transport, Inc., and were not paid overtime for all hours worked over forty (40) in a workweek.

### VIOLATION OF THE FLSA

76. Plaintiffs incorporate the proceeding paragraphs by reference.

77. At all relevant times, Defendant has been an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA.

54. Defendant employed Plaintiffs and each member of the FLSA Collective.

55. Defendant's pay policy denied Plaintiffs and the members of the FLSA Collective overtime compensation as required by the FLSA.

56. Defendant's failure to pay Plaintiffs and the FLSA Collective members overtime at rates not less than one and one-half times their regular rates violated 29 U.S.C. § 207.

57. Defendant's use of an automatic meal period deduction of thirty (30) minutes deprived Plaintiffs and the FLSA Collective members straight time and overtime wages.

57. Defendant's conduct, as described herein, was in willful violation of the FLSA.

58. Due to Defendant's FLSA violations, Plaintiffs and the FLSA Collective members are entitled to recover from Defendant their unpaid overtime compensation, unpaid wages, liquidated damages, reasonable attorneys' fees, and costs of this action.

### RECORDKEEPING VIOLATION

59. Plaintiffs incorporate the preceding paragraphs by reference.

60. By failing to accurately record, report, and/or preserve records of hours worked by Plaintiffs and the FLSA Collective members, Defendant has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201, *et seq.*

### PRAYER

WHEREFORE, Plaintiffs, Wenyea Baker and Sammy Steadman, pray for relief as follows:

1. An order designating this lawsuit as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective members to permit them to join this action by filing a written notice of consent;

2. Judgment awarding Plaintiffs and the other FLSA Collective members all unpaid overtime compensation, unpaid wages, liquidated damages, attorneys' fees and costs under the FLSA;

3. Pre- and post-judgment interest at the highest rate allowable by law; and

4. All such other and further relief to which Plaintiffs and the other FLSA Collective may show themselves to be justly entitled.

## JURY DEMAND

Plaintiffs, Wenyea Baker and Sammy Steadman, demand trial by jury on all issues so triable as a matter of right by jury.

Dated: February 18, 2020                    Respectfully submitted,

/s/ Philip Bohrer
Philip Bohrer
Scott E. Brady
Amanda E. McGowen
**BOHRER BRADY, LLC**
8712 Jefferson Highway, Suite B
Baton Rouge, LA 70809
Telephone: (225) 925-5297
Facsimile: (225) 231-7000
phil@bohrerbrady.com
scott@bohrerbrady.com
amcgowen@bohrerbrady.com